**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LATOYA CHRISTMAS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-10366 |
| | ) | |
| RENT RECOVER LLC and | ) | |
| CITY WIDE PROPERTY | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Latoya Christmas ("Plaintiff"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 ("ICFA"), and the Illinois Collection Agency Act, 225 ILCS 425 ("ICAA"), for a finding that defendants' actions violated the FDCPA, ICFA, and ICAA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.     Venue is proper in this District because the acts and transactions occurred here, and Defendants transact substantial business here.

### PARTIES

3.     Plaintiff, Latoya Christmas ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect an alleged debt for past due rent. Plaintiff is thus a consumer as that term is defined by § 1692a(3) of the FDCPA.

4.      Defendant Rent Recover LLC ("Rent Recover"), is an Illinois limited liability company that regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

5.      Rent Recover is a collection agency that specializes in attempting to collect delinquent rent payments. (Exhibit A, excerpt from Rent Recover's website).

6.      Rent Recover is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, Defendant Rent Recover conducts business in Illinois. (Exhibit B, Record from the Illinois Secretary of State).

7.      Moreover, Rent Recover is licensed as a collection agency in Illinois. (Exhibit C, Record from the Illinois Division of Professional Responsibility).

8.      In fact, Rent Recover is a debt collector as that term is defined at § 1692a(6) of the FDCPA.

9.      Defendant City Wide Property Management, Inc. ("Citywide"), is an Illinois corporation that is a residential property management company. (Exhibit D, Record from the Illinois Secretary of State).

## FACTUAL ALLEGATIONS

10.      On or about May 1, 2009, Plaintiff entered into a lease with Defendant City Wide Property Management, Inc. (Citywide) for an apartment located at 7052 South Vernon, Second Floor, Chicago, Illinois 60637 ("premises").

11.      On September 11, 2009, Citywide filed a complaint against Plaintiff to collect past due rent and late fees, which complaint was filed in the Circuit Court of Cook County, First Municipal District, and styled *City Wide Property Management vs. Latoya Christmas, et al.*, Case No. 09-M1-722567 ("State Action").

12.     On October 9, 2009, an Order for Possession was entered in the State Action against Plaintiff for repossession of the premises by November 30, 2009. (Exhibit E, Order for Possession).

13.     The judgment order also required Plaintiff to pay CWPM the sum of $963.00 by 5:00 P.M. on October 9, 2009, and the sum of $218.00 on November 1, 2009.

14.     Plaintiff paid all amounts due as a result of the order, and returned her keys to the premises on December 1, 2009.

15.     Citywide alleged further amounts owing after Plaintiff moved out of her apartment.

16.     Plaintiff disputed owing additional amounts and refused to pay the alleged debt.

17.     The alleged debt went into default.

18.     Citywide subsequently assigned the alleged debt to Rent Recover for collection.

19.     Citywide directed and/or authorized all of Rent Recover's efforts to collect the alleged debt.

20.     On or about May 26, 2011, Rent Recover mailed Plaintiff a collection letter ("Letter"). (Exhibit F, Collection Letter).

21.     The Letter communicated a balance on the alleged debt of $4,395.00 for unpaid rents, consisting of the following charges:

- December Rent/Lease Income          $879
- December Rent/Lease Income          $879
- December Rent/Lease Income          $879
- December Rent/Lease Income          $879
- December Rent/Lease Income          $879

Total Outstanding Charges and Credits          $4,395

22.     Rent Recover continued to send periodic collection letters to Plaintiff alleging a balance due of $4,395.

23.     On or about July 24, 2014, Defendant Rent Recover mailed Plaintiff another collection letter ("July Letter"). (Exhibit G, July Letter).

24.     The July Letter conveyed information regarding the alleged debt, including a balance due, and the identity of the original creditor.

25.     The July Letter was a communication as that term is defined at § 1692a(2) of the FDCPA

26.     The July Letter alleged the "account is currently due for the amount of $4,395.00," and notified Plaintiff that she had 30 days to dispute the validity of the debt.

27.     Plaintiff contacted Rent Recover and disputed the alleged debt.

28.     Rent Recover sent another collection letter on or about August 12, 2014 ("August Letter"). (Exhibit H, August Letter).

29.     The August Letter conveyed information regarding the alleged debt, including a balance and the identity of the original creditor.

30.     The August Letter was a communication as that term is defined at § 1692a(2) of the FDCPA.

31.     The August Letter indicated the balance of the alleged debt was $5242.73.

32.     Either the credit information communicated by Rent Recover to Plaintiff in July, 2014—that the balance owed on the alleged debt was $4395.00—was false, or the credit information communicated by Rent Recover in August, 2014—that the balance owed on the alleged debt was $5,242.73—was false; both amounts cannot be correct; the balance on the alleged debt could not have increased by more than $800 in a single month.

33.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**
**(A) the character, amount, or legal status of any debt. . . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

34. By falsely communicating to the amount of the debt it was attempting to collect from Plaintiff, Rent Recover made materially false, deceptive and misleading statements in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(8) of the FDCPA.

35. Plaintiff was confused, and an unsophisticated consumer would be confused, by the varying amounts stated by Defendants as being due from him.

36. The August letter indicated that Plaintiff owed $847.73 in interest on the alleged debt.

37. Rent Recover had no statutory nor contractual authority to collect interest on the alleged debt.

38. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

39.     Rent Recover attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect $847.73 in interest from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

40.     The August letter further stated that "Your account will accrue interest at a rate of 5.00 percent per annum."

41.     Rent Recover had no statutory nor contractual authority to collect additional interest.

42.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

43.     Rent Recover threatened to take an action that cannot legally be taken, in violation of 15 U.S.C. 1692e(5), when it threated to assess interest at 5.00% on the alleged debt without any statutory or contractual authority to do so.

44.     The July Letter and the August Letter were mailed in an envelope with a window that showed Plaintiff's name, and address.

45.     Above Plaintiff's address was a number.

46.     The number matches Plaintiff's file reference number for the alleged debt.

47.     The number is visible through the window of the envelope.

48.     The number is not part of the debt collector's address.

49.     The number is not part of the debt collector's name.

50.     In fact, the number is Rent Recover's internal account number for the alleged

debt.

51.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

52.     Rent Recover used unfair means to collect or attempt to collect a debt by

disclosing Plaintiff's account number on its envelope when communicating with Plaintiff by use

of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

53.     An account number for a consumer's debt, even an internal one specific to the

debt collector and not that of the original account, may not appear through the envelope's

window that the debt collector mailed to the consumer. *Douglass v. Convergent Outsourcing*,

F.3d ----, 2014 WL 4235570 (3rd Cir. Aug. 28, 2014).

54.     All of Rent Recover's collection actions at issue in this matter occurred within

one year of the date of this Complaint.

55.     At all times relevant to this Complaint, Citywide authorized, directed, approved of

and/or ratified Rent Recover's actions taken toward Plaintiff during the course of its attempts to

collect the alleged debt therefrom.

56. Rent Recover's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT—RENT RECOVER

57. Plaintiff incorporates paragraphs 1-56.

58. This claim is against Rent Recover.

59. By falsely communicating to the amount of the debt it was attempting to collect from Plaintiff, Rent Recover made materially false, deceptive and misleading statements in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(8) of the FDCPA.

60. Rent Recover attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect $847.73 in interest from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

61. Rent Recover threatened to take an action that cannot legally be taken, in violation of 15 U.S.C. 1692e(5), when it threated to assess interest at 5.00% on the alleged debt without any statutory or contractual authority to do so.

62. Rent Recover used unfair means to collect or attempt to collect a debt by disclosing Plaintiff's account number on its envelope when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

63. Plaintiff suffered emotional distress as a result of Defendant's actions.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant Rent Recover LLC for:

A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. §

1692k(a)(3); and

C.      Any other relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

64.     Plaintiff incorporates paragraphs 1-63.

65.     This claim is against Rent Recover.

66.     Plaintiff incurred costs in disputing the alleged debt, including but not limited to,

postage fees, service fees, and costs to purchase her credit report.

67.     Defendant is a "collection agency" as defined in the ICAA.

68.     Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . .**

> **. . . (26) Misrepresenting the amount of the claim or debt alleged to be owed. . .**

> **. . . (29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law. . . .**

69.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*,

74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor for:

A.      Appropriate compensatory, punitive and nominal damages;

B.      Costs;

C.      Any other relief as the Court deems proper.

## COUNT III—ILLINOIS CONSUMER FRAUD ACT—CITYWIDE

70.     Plaintiff incorporates paragraphs 1-69.

71.     This claim is against Citywide.

72.     Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by falsely representing to Plaintiff that she owed interest which was not owed as a matter of law.

73.     Defendant engaged in such conduct in the course of trade and commerce.

74.     Defendant engaged in such conduct for the purpose of depriving Plaintiff of her money.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor for:

      A.     Appropriate compensatory, punitive and nominal damages;

      B.     Reasonable attorney's fees, litigation expenses and costs;

      C.     Any other relief as the Court deems proper.

Respectfully submitted,


By: s/  Bryan Paul Thompson
One of Plaintiff's Attorneys

Michael J. Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com